By the Court.
Pierrepont, J.
—Before the recent statute, which enables parties to testify in their own causes, each member of a corporation could, (since the Code was enacted,) be a witness when the corporation was a party, and so the law now stands. '
Though a corporation, as such, cannot be examined, yet each member and each officer of it can be examined.
We think there was no error in admitting'the plaintiff. The plaintiff states that he assigned the bond and mortgage mentioned (upon which the amount due was $6,500), to the defendants, and that the mortgage was good, and that the defendants agreed to give that amount in the stock of the company; that he has received no consideration except the sum of $900, and that the defendants refuse to issue stock or to pay the balance of the $6,500. The plaintiff’s evidence is positive upon this point, and the referee has so found, and we see no evidence to warrant us in disturbing that finding.
Evidence was offered relating to negotiations about this mortgage, prior to the incorporation of the defendants; such evidence does not of itself prove a contract with the corporation; but as these negotiations were made with the persons who soon after *162 composed the active managers of the corporation, the evidence was proper to explain the subsequent acts of the defendants relating to the same matter. Such prior negotiations, amounting to an agreement with the plaintiff, being adopted by the officers of the corporation as such, became in fact the contract of the corporation, and constituted the terms and conditions, upon which the bond and mortgage were assigned by the plaintiff.
La Farge testifies that he assigned the mortgage to the defendants ; that with the exception of $450 of stock issued to Mr. Eggleson, and $450 issued to Mr. McCarty, amounting in all to $900, he has received no other consideration whatever.
Upon this evidence we think the finding of the referee was correct.
Judgment affirmed with costs.